

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN J. HRIBEK | § | |
| | § | |
| Plaintiff | § | |
| | § | A06CA165 LY |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| BUC-EE'S, LTD., | § | |
| A/K/A BUC-EE'S, INC. | § | |
| | § | |
| Defendant | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Buc-ee's, Ltd. ("Defendant"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and as grounds for removal respectfully shows:

1.      On November 28, 2005, John J. Hribek ("Plaintiff") filed Plaintiff's Original Petition and initiated an action identifying as Defendant, Buc-ee's, Ltd., in the 21st Judicial District of Lee County, Texas, bearing Cause No. 13,050 ("the State Court Action"). A jury was demanded in the State Court Action.

2.      On February 13, 2006, the Defendant was served with a copy of a Citation (Exhibit "A") and Plaintiffs' Original Petition (Exhibit "B"). On March 3, 2006, Defendant filed its Original Answer (Exhibit "C").

3.      In Plaintiff's Original Petition, Hribek brings claims against Defendant pursuant to the Family Medical Leave Act ("FMLA"). These claims give rise to federal question jurisdiction.

4.      This Court possesses jurisdiction over Hribek's FMLA claim pursuant to 28 U.S.C. § 1331. This Court possesses jurisdiction over Hribek's remaining claims pursuant to 28 U.S.C. § 1367. Removal to this Court is appropriate pursuant to 28 U.S.C. § 1441.

5.  This Notice of Removal is filed within the 30-day statutory time period for removal pursuant to 28 U.S.C. § 1446(b). Copies of the citation and pleadings filed in the State Court Action, prior to this Notice of Removal, are attached as Exhibits "A" thru "C."

6.  Pursuant to 28 U.S.C. § 1446(a), Defendant files with this Notice of Removal the following documents identified as Exhibits on the attached Appendix of Exhibits Filed:

> A.  Citation;
> B.  Plaintiff's Original Petition;
> C.  Defendant's Original Answer;
> D.  Certified copy of the state court docket sheet; and,
> E.  List of Counsel of Record.

7.  Pursuant to 28 U.S.C. § 1446(d), Defendant has filed a copy of this Notice of Removal with the clerk of the state court in which the action has been pending, and have given notice thereof to all parties and all counsel of record.

8.  On these grounds, Defendant hereby removes the referenced State Court Action to this Court on the 6th day of March, 2006.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: _Elizabeth Mata Kroger_
Elizabeth Mata Kroger
State Bar No. 13184385
Fed. I.D. No. 14166
808 Travis, Suite 1800
Houston, TX 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

ATTORNEY IN CHARGE FOR DEFENDANT
BUC-EE'S, LTD.

Of Counsel:

W. Jackson Wisdom
State Bar No. 21804025
Fed. I.D. No. 13753
MARTIN DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, TX  77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing pleading has been served *via* certified mail, return receipt requested, on this the _6ᵗʰ_ day of March, 2006 to:

> Erica Hakimi
> The Hakimi Law Firm, P.C.
> 1800 St. James Place, Suite 105
> Houston, TX  77056

Elizabeth Mata Kroger

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN J. HRIBEK | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| BUC-EE'S, LTD., | § | |
| A/K/A BUC-EE'S, INC. | § | |
| | § | |
| Defendant | § | |

## APPENDIX OF EXHIBITS FILED

### EXHIBITS:

A.    Citation

B.    Plaintiff's Original Petition

C.    Defendant's Original Answer

D.    Certified copy of the state court docket sheet

E.    List of Counsel of Record

# EXHIBIT A

# The State of Texas
## CITATION – Cause No.13,050

Lisa Teinert
Clerk of the Court
289 South Main Street
P. O. Box 176
Giddings, Texas  78942

Attorney for Petitioner:
Erica Hakimi
1800 St. James Place, Suite 105
Houston, Texas 77056

TO:   **BUC-EE'S, LTD, a/k/a BUC-EE'S, INC.**
     **C/O Arch H. Alpin, III, AGENT**
     **101 Highway 2004**
     **Lake Jackson, Texas 77566**

"You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

**Defendant, Greetings:**
    You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION on or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 21ST Judicial District Court of Lee County, Texas at the Lee County District Court Building, 289 South Main, Giddings, Texas.
    Said pleading was filed in said Court on the 28TH of November, 2005 in Cause No. 13,050 styled, JOHN J. HRIBEK  and BUC-EE'S, LTD, a/k/a BUC-EE'S, INC. The nature of Plaintiff's demand is fully shown by a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    ISSUED AND GIVEN under my hand and seal of said court at Giddings, Lee County, Texas, this the 28TH day of November, 2005.


(Seal)

Certified Mail No.

Lisa Teinert, Clerk

By _Pshaun Jordan_
Pshaun Jordan, Deputy

**Service Copy**

_Received 2-13-06, Adriana Petrosky @ State Farm_

## SHERIFF'S RETURN

Came to hand on (date) _02 09 06_ at (time) _11⁰⁰ A-M._

*** Executed at (place) _101 Hwy (Fm) 2004 Lake Jackson, Tx._

_____ ,

the County of _Brazoria_ , at (time) _2 pm_ on

(date) _02 13 06_ , by delivering to the within-named _Arch H._

_Alpin_ in person, a true copy of this Citation,

having first endorsed thereon the date of delivery, together with the accompanying true

and correct copy of the Plaintiff's Petition.

*** Not executed, the diligence used to execute being _____

_____ ;

and the cause of failure to execute this process is _____

_____ ,

and the information received as to the whereabouts of the said defendant being

_____

My fees for service of this citation:  $_____

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.

**Constable Fred Kanter**
**Brazoria County Pct. 4**

_____
SHERIFF

_____ COUNTY, TEXAS

_J.K. Cobb_        _Deputy_
DEPUTY/CONSTABLE

# EXHIBIT B

C. A. No. *13,050*

| | |
|---|---|
| **JOHN J. HRIBEK** | In The |
| Plaintiff, | District Court |
| v. | Lee County, Texas |
| **BUC-EE'S, LTD.,** *a/k/a* **BUC-EE'S, INC.** | 21st Judicial District |
| Defendant. | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

### 1. INTRODUCTION

1.1.    Plaintiff demands a JURY TRIAL in this employment discrimination and retaliation case under the Texas Labor Code (Hereafter, the "Labor Code") and state Common Law as to any and all issues triable to a jury.  Plaintiff alleges Defendant BUC-EE'S, LTD., *a/k/a* BUC-EE'S, INC., violated the Act when Defendant BUC-EE'S, LTD., *a/k/a* BUC-EE'S, INC., took adverse personnel actions against Plaintiff.

1.2    COMES NOW, JOHN J. HRIBEK, (hereinafter referred to as "Plaintiff") complaining of and against BUC-EE'S, LTD., *a/k/a* BUC-EE'S, INC., (hereinafter referred to as "Defendant"), and for cause of action respectfully shows the court the following:

### 2. PARTIES

2.1.    Plaintiff is an individual residing in LaGrange, Fayette County, Texas.

2.2.    Defendant is an employer engaging in an industry affecting interstate commerce, and employs more than 15 regular employees.  Defendant can be served by serving its agent for service, Arch H. Aplin, III, 101 Highway 2004, Lake Jackson, Texas 77566.

**FILED**

THE STATE OF TEXAS
COUNTY OF LEE

NOV 2 8 2005  4:28PM

FEB 28 2006



DISTRICT CLERK
LEE COUNTY TEXAS
DEPUTY





## 3. VENUE

3.1.    Venue of this proceeding is proper in Lee County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.002 because Lee County is the county in which all or part of the cause of action accrued, and the county where Defendant maintains a residence, an agency or representative.

## 4. FACTS

4.1.    Plaintiff is a 46-year-old male. He began working as a store manager for the Defendant on September 6, 2002. He was and is qualified to perform his job with Defendant.

4.2.    In August 2004, Plaintiff informed the Defendant that he needed to take time off for a hernia surgery. He went out for surgery on September 22, 2004, and had planned to return to work on October 1, 2004.

4.3.    The week before Plaintiff went out for surgery, Rhonda Roose, Assistant to the Vice President, told him she heard that he was going out for surgery. Plaintiff never told her that he was going to have surgery. Plaintiff indicated that he was going to have surgery, but was uncomfortable taking time off at that time. She asked Plaintiff if he was worried about his job and he told her he was.

4.4.    Plaintiff asserted his rights under the Family Medical Leave Act.

4.5.    On September 30, 2004, Plaintiff had a follow up visit with his doctor. The doctor wanted him to take another week off work. Plaintiff wanted to return to work so his doctor allowed him to return with certain restrictions.

4.6.    Pursuant to Plaintiff's doctor's instructions, he was not able to lift over 20 pounds his first week back to work and could not lift over 40 pounds the following two weeks. Defendant and its agents were aware of his medical condition and restrictions.

COUNTY OF LEE

is a due copy of the original

FEB 28 2006



2                                    Plaintiff's Original Petition

4.7.    Plaintiff called and let Defendant know that he would be returning to work on Monday October 4, 2004.

4.8.    On Tuesday October 5, 2004, Pete Alexander, Assistant to the President, approached Plaintiff in the morning and told Plaintiff that Defendant has determined that he has lost interest in his job and asked Plaintiff for a letter of resignation.

4.9.    On October 5, 2004, Plaintiff was forced to turn in his resignation letter to Defendant.

4.10.   Defendant retaliated and discriminated against Plaintiff in violation of the Family Medical Leave Act, as amended.

4.11.   Defendant discriminated against Plaintiff in violation of the Texas Labor Code based upon Plaintiff's disability or perceived disability and age (over 40).


## 5.  TIMELINESS

5.1.    Plaintiff brought this suit within sixty (60) days from the date of receipt of Texas Workforce Commission Civil Rights Division's issuance of the Notice of Right to File a Civil Action. (Exhibit "A").

5.2.    Plaintiff filed Plaintiff's lawsuit within two years of the date Plaintiff filed Plaintiff's Charge of Discrimination. (Exhibit "B").

## 6.  ADMINISTRATIVE CONDITIONS PRECEDENT

6.1.    Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination within 180 days of the date Plaintiff learned of the adverse employment action. (Exhibit "B").



THE STATE OF TEXAS
COUNTY OF LEE

FEB 28 2006



Plaintiff's Original Petition

3

6.2.    Jurisdiction is also appropriate since this action was filed on or before two years from the

date Plaintiff filed Plaintiff's complaint with the Texas Workforce Commission Civil

Rights Division. (Exhibit "B").

## 7. DAMAGES

7.1.    As a direct and proximate result of the aforementioned arbitrary and capricious acts, the

Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of

income; humiliation and embarrassment among co-workers and others; sustained damage

to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future

employment.

## 8. EXEMPLARY DAMAGES

8.1.    Defendant's actions were harsh, oppressive and malicious and as a further and proximate

cause Plaintiff has suffered serious emotional distress due to Defendant's intentional

infliction of emotional distress. The wrong done by Defendant aggravated by the kind of

willfulness, wantonness, and malice for which the law allows the imposition of

exemplary damages. Defendant acted with an evil intent to harm Plaintiff. The conduct

was intentional, with conscious indifference to the rights of Plaintiff and without

justification or excuse. Plaintiff, therefore, seeks exemplary damages in a sum to be

determined by the trier of fact to serve as punishment to deter Defendant from such

conduct in similar situations.

## 9. ATTORNEY'S FEES

9.1.    Defendant's action and conduct as described herein and the resulting damage and loss to

Plaintiff has necessitated Plaintiff retaining the services of The Hakimi Law Firm, P.C.,



THE STATE OF TEXAS
COUNTY OF LEE

FEB 28 2006



Plaintiff's Original Petition

4

1800 St. James Place, Suite 105, Houston, Texas 77056 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 10. JURY DEMAND

10.1.    Plaintiff hereby makes Plaintiff's request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Lee County, Texas the jury fee of thirty ($30.00) dollars.

## 11. PRAYER

11.1.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

    11.1.1.    Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

    11.1.2.    Judgment against Defendant, for backpay lost by Plaintiff as alleged herein;

    11.1.3.    Judgment against Defendant, for front pay by Plaintiff as alleged herein;

    11.1.4.    Grant Plaintiff general damages for the damage to Plaintiff's reputation;

    11.1.5.    Pre-judgment interest at the highest legal rate;

    11.1.6.    Post-judgment interest at the highest legal rate until paid;

    11.1.7.    Punitive damages;

    11.1.8.    Damages for mental pain and mental anguish for intentional infliction of emotional distress;

    11.1.9.    Exemplary damages;



THE STATE OF TEXAS }
COUNTY OF LEE }

FEB 28 2006

Plaintiff's Original Petition

5

11.1.10.    Attorney's fees;

11.1.11.    All costs of court expended herein;

11.1.12.    Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

THE STATE OF TEXAS
COUNTY OF LEE

FEB 28 2006

6                                                    Plaintiff's Original Petition

Respectfully submitted,

THE HAKIMI LAW FIRM, P.C.

_Erica Hakimi_
Erica Hakimi
Texas Bar No. 24032262
1800 St. James Place, Suite 105
Houston, Texas 77056
(713) 212-3100
(713) 784-7797 (facsimile)
Attorney-in-Charge for Plaintiff

Hribek/6.01/ original petition

THE STATE OF TEXAS    | This is to certify that this
COUNTY OF LEE
...

FEB 28 2006

Plaintiff's Original Petition

7

**Mailing address:**
P.O. Box 13006
Austin, Texas 78711  or
101 East 15ᵗʰ Street, Room 144T
Austin, TX 78778
www.tchr.state.tx.us



(512) 463-2642 Main
(512) 463-2643 Fax
(888) 452-4778 Toll Free
(800) 735-2989 Texas Relay

**Texas Workforce Commission**
**Civil Rights Division**

September 29, 2005

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

Erica Hakimi
THE HAKIMI LAW FIRM, P.C.
1800 ST. JAMES PLACE, STE. 105
HOUSTON, TX 77056

Re:   *John H. Hribek v. BUC-EE'S, LTD.*
       EEOC Complaint #360A501892
       TCHR/Local Commission Complaint #

Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, and Chapter 327, Section 327.7 of the Commission's Rules, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case.  PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.  If the above-referenced case was processed by the United States Equal Employment Opportunity Commission or another agency, you should also notify that agency as to your intention to file a civil action.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right-to-sue may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - *et seq.*

Sincerely,

Vickie Covington
Employment Investigations Manager

## RETAIN ENVELOPE TO VERIFY DATE RECEIVED

Copy to:

BUC-EE'S, LTD.
327 FM 2004
LAKE JACKSON, TX 77566





FEB 28 2006

CERT-C-NCO2(6/92)

*"The Texas Workforce Commission is an Equal Opportunity Employer"*

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☐ EEOC | 360-2005-01892 |

Texas Workforce Commission, Civil Rights Division _____ and EEOC

*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. John J. Hribek | 979-968-3822 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 667 S. Meyer | La Grange, Texas 78945 | 10-30-58 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Buc-ee's, LTD. | + 50 | 979-230-2920 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 327 FM 2004 | Lake Jackson, TX 77566 | Lee County |

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☑ AGE
☑ RETALIATION  ☐ NATIONAL ORIGIN  ☑ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)     LATEST (ALL)
                        Oct. 5, 2004
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see attached.

PLAINTIFF'S EXHIBIT
B

MARIE DAVISON
MY COMMISSION EXPIRES
May 28, 2005

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date  2-10-05

Charging Party (Signature) *John J. Hribek*

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)  10-feb-05

FEB 28 2005

# EXHIBIT C

C.A. NO. 13,050

| | | |
|---|---|---|
| JOHN J. HRIBEK | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | LEE COUNTY, TEXAS |
| | § | |
| BUC-EE'S, LTD., | § | |
| A/K/A BUC-EE'S, INC. | § | 21ST JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant, Buc-ee's, Ltd., pursuant to the Texas Rules of Civil Procedure, files this Original Answer and in support thereof, would respectfully show unto the Court as follows:

## GENERAL DENIAL

Defendant generally denies the allegations contained in Plaintiff's Original Petition, as well as any other amended or supplemental petition filed hereafter, and demands strict proof by a preponderance of the evidence of all Plaintiff's allegations, if Plaintiff can do so.

## FIRST DEFENSE

Plaintiff must mitigate any and all alleged damages, and Defendant is entitled to an offset for any amount Plaintiff earned or reasonably should have earned.

## SECOND DEFENSE

Plaintiff's claims for punitive damages are barred because Defendant did not possess malice or reckless indifference that it may have been acting in violation of state or federal law.

## THIRD DEFENSE

Plaintiff's claims for punitive damages are barred because any discriminatory employment actions taken by agents of Defendant were contrary to Defendant's good-faith efforts to comply with Chapter 21 of the Texas Labor Code and all other applicable statutes.

## FOURTH DEFENSE

Plaintiff's claims for disability discrimination and violations of the Family Medical Leave Act ("FMLA") are barred because Plaintiff released and/or waived any such claims against Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant, Buc-ee's, Ltd., prays that upon final trial and hearing hereof, Plaintiff takes nothing against it, but that it go hence without delay and recover its costs, fees, and expenses, and for such other further relief to which it may show itself justly entitled, both in law and at equity.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.


By: _W. Jackson Wisdom_____
   Elizabeth Mata Kroger
   State Bar No. 13184385
   W. Jackson Wisdom
   State Bar No. 21804025

808 Travis, Suite 1800
Houston, TX 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

ATTORNEY FOR DEFENDANT
BUC-EE'S, LTD.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been served *via* certified mail, return receipt requested, on this the 2ND day of March, 2006 to:

> Erica Hakimi
> The Hakimi Law Firm, P.C.
> 1800 St. James Place, Suite 105
> Houston, TX  77056

W. Jackson Wisdom
_____
W. Jackson Wisdom

# EXHIBIT D

CIVIL DOCKET

CASE NO. 13,050

| DATE OF ORDERS | | | NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION AND PARTY DEMANDING JURY | | DATE OF FILING |
|---|---|---|---|---|---|---|---|---|
| MONTH | DAY | YEAR | | | | | MONTH | DAY | YEAR |

13,050

JOHN J. HRIBEK

VS

BUC-EE'S, LTD
BUC-EE'S, INC
AKA

ERICA HAKIMI

PLTF

DEFT

DAMAGES

| VOL. | PAGE | | | | FEE BOOK |
|---|---|---|---|---|---|

| ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|
| | VOL. | PAGE | |

JURY FEE $

PAID BY

JURY NO

11    28    05

THE STATE OF TEXAS
COUNTY OF LEE

MAR 0 1 2006

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOHN J. HRIBEK                          §
                                        §
                 Plaintiff              §
                                        §
v.                                      §     CIVIL ACTION NO. _____
                                        §
BUC-EE'S, LTD.,                         §
A/K/A BUC-EE'S, INC.                    §
                                        §
                 Defendant              §

## LIST OF COUNSEL OF RECORD

Defendant, Buc-ee's, Ltd. file with its Notice of Removal this List of Counsel of

Record:

    1.       Counsel for Plaintiff, John J. Hribek

                Erica Hakimi
                State Bar No. 24032262
                The Hakimi Law Firm, P.C.
                1800 St. James Place, Suite 105
                Houston, TX  77056
                Telephone:  (713) 212-3100
                Facsimile:  (713) 784-7797

    2.       Counsels for Defendant, Buc-ee's, Ltd.

                Elizabeth Mata Kroger
                State Bar No. 13184385
                 Fed. I.D. No. 14166
                MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
                808 Travis, Suite 1800
                Houston, TX  77002
                Telephone:  (713) 632-1700
                Facsimile:   (713) 222-0101

W. Jackson Wisdom
State Bar No. 21804025
Fed. I.D. No. 13753
MARTIN DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, TX  77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101